**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMBERLY WOLF, VALERIE DELLORTO, MELISSA ARREDONDO, JENNIFER BELLUCCI, on her own behalf and as parent and next friend to A.J.B., A.E.B., and A.O.B., minors, ROBIN BETZ, NATHAN CLYMER, on his own behalf and as parent and next friend of P.C., a minor, SHAY JARM, AMY KING, and HEATHER LISSER, each individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ACCREDO HEALTH GROUP, INC., EXPRESS SCRIPTS, INC., EVERNORTH HEALTH, INC., and THE CIGNA GROUP, <br><br> Defendants. | No. 1:26-cv-00098 <br><br> Hon. Andrea R. Wood |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY**

**INTRODUCTION**

Plaintiffs do not contest the "sprawling" scope of this case, which by their own characterization allegedly impacts the "lives of millions of Americans." Dkt. 28 at 6. Nor do they dispute that they intend to seek broad discovery, including into sensitive and statutorily protected health information. They also admit that Defendants' Motion to Dismiss ("Motion"), if granted, would dispose of the entire case or at least "trim" some claims. Dkt. 28 at 2. Instead, Plaintiffs attack a strawman argument Defendants never made—that discovery should be stayed any time a motion to dismiss is pending. That is not Defendants' position. As Defendants explained, it is the nature of *these claims*, the nature of *this* Motion, and the lack of prejudice to Plaintiffs *here* that satisfies this District's standard for staying discovery. Dkt. 27 at 3.

In response to Defendants' actual arguments, Plaintiffs have little to say. They argue that any burden is unfounded because they could voluntarily limit their requests, but they already told the Court they expect discovery to be "significant" in every imaginable way. Dkt. 19 at 4. And although "Plaintiffs do not doubt that Defendants will preserve evidence," they argue some of it could still be lost as "[p]eople come and go." Dkt. 28 at 10–11. Vague, speculative, and generic concerns do not create prejudice. Against the wall of antitrust cases Defendants have cited where courts have stayed discovery before and after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), Plaintiffs cite *one* antitrust case where discovery was *not* stayed. And this case is nothing like it, including because that case involved none of the threshold defects Defendants have raised in their Motion. The Court should accordingly stay discovery here.

**ARGUMENT**

Courts in this District decide stay requests on a case-by-case basis. Contrary to Plaintiffs' misrepresentations, Defendants have never argued that they are "presumptively entitled to a … stay." Dkt. 28 at 3. And although Plaintiffs infer from this Court's standing order a "general rule

2

that discovery should proceed," the order itself recognizes that "applicable law" may warrant a stay. *Id.* at 4. As Plaintiffs agree, the factors this Court considers are whether a stay will (1) "reduce the burden of litigation" on the parties and the Court, (2) "simplify the issues in question," and (3) not "unduly prejudice" the party opposing a stay. *Id.* at 3. Each factor favors a stay here, and Plaintiffs' own cases confirm a stay is proper under such circumstances. *See, e.g.*, *In re Clearview AI, Inc. Consumer Priv. Litig.*, 2021 WL 5862495, at \*1 (N.D. Ill. Aug. 31, 2021); *Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1010–11 (N.D. Ill. 2009).

## I.      DISCOVERY IN THIS CASE WILL BE BURDENSOME

The expansive scope of this case warrants staying discovery. Plaintiffs are thirteen individuals asserting eleven claims under federal antitrust law, two states' consumer protection laws, and all fifty states' common law on behalf of multiple nationwide classes and state subclasses. Dkt. 27 at 3. By their own account, they intend to seek "substantial fact discovery," including "significant written discovery and document production," "Rule 30(b)(6) depositions for each corporate entity," as well as "robust expert discovery." Dkt. 19 at 4. Indeed, Plaintiffs admit "discovery in complex antitrust cases can be voluminous and time-consuming," Dkt. 28 at 5, arguing at the status conference that a stay would delay the case precisely because of its "complexity" and the "volume of discovery [they] anticipate taking," Tr. 5:16–19 (Mar. 17, 2026). Their attempt to now claim that any "undue burden can be readily avoided" by restraint on their part, Dkt. 28 at 4, falls flat in the face of their stated intent regarding discovery and the indiscriminate 98-page Complaint they filed.

Nor can Plaintiffs avoid *Twombly*'s guidance regarding antitrust discovery by calling it "dicta." Dkt. 28 at 5. As Defendants explained and Plaintiffs ignore, the Seventh Circuit has read *Twombly* specifically to be "designed to spare defendants the expense of responding to bulky, burdensome discovery unless the complaint provides enough information to enable an inference

that the suit has sufficient merit to warrant putting the defendant to the burden of responding to at least a limited discovery demand." *In re Text Messaging Antitrust Litig.*, 630 F.3d 622, 625 (7th Cir. 2010); Dkt. 27 at 4–5. Even if *Twombly*'s discussion is dicta, it is "considered" dicta that "provides the best … guide to what the law is, and it will ordinarily be the duty of a lower court to be guided by it." *Reich v. Continental Cas. Co.*, 33 F.3d 754, 757 (7th Cir. 1994).

As noted, Plaintiffs cite *one* antitrust case where discovery was not stayed, Dkt. 28 at 5, and it is readily distinguishable because the Motion here asserts "threshold issue[s]" that were not raised in *New England Carpenters Health and Welfare Fund v. Abbott Laboratories*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013), including antitrust standing, federal instrumentality immunity, and personal jurisdiction. In contrast, Plaintiffs make no effort to distinguish the stay orders in *In re Tecfidera Antitrust Litigation*, No. 24-cv-7387 (N.D. Ill. Nov. 25, 2024), Dkt. 46; *Nexstar Broad., Inc. v. Granite Broad. Corp.*, 2011 WL 4345432 (N.D. Ind. Sept. 15, 2011); and *In re Manufactured Home Lot Rents Antitrust Litig.*, No. 23-cv-6715 (N.D. Ill. Apr. 10, 2024), Dkt. 175. *See* Dkt. 27 at 5. And in *Moehrl v. National Ass'n of Realtors*, while this Court partially lifted the stay to accommodate compromises in light of parallel discovery in a related case, *see* No. 1:19-cv-1610, Dkts. 157 at 9, 159, 163, 165 at 13–14, it did not allow "full discovery" to proceed until after the defendants' "motions to dismiss were denied in their entirety," *id.*, Dkt. 186 at 7–8.

Plaintiffs object that "a complete halt … is not necessary," Dkt. 28 at 6, but they make no actual commitments to limit discovery without a stay. Nor do they deny that without a voluntary commitment on their part or court order to narrow discovery, their claims facially contemplate broad discovery involving vast personal health data, four separate corporate Defendants, and thousands of nonparties, including the federal government. *See* Dkt. 27 at 3–4; Dkt. 19 at 4–5. That is more expansive discovery than in any of the cases cited by Defendants where stays were

granted and is precisely the type of burdensome discovery courts agree may be stayed while a motion to dismiss is pending. *See, e.g.*, *Calderon v. Procter & Gamble Co.*, 2022 WL 20742696, at *2 (N.D. Ill. Oct. 6, 2022) (granting stay of "company-wide discovery" from a single entity).

Lacking any colorable suggestion that discovery will be limited, Plaintiffs blame the "sprawling" nature of this case on Defendants' status as "one of the largest healthcare conglomerates." Dkt. 28 at 6. As masters of their Complaint, however, it was Plaintiffs' choice what theories of liability to assert. The fact that discovery will involve five federal antitrust claims and a hodgepodge of state-law claims—from public nuisance to promissory estoppel— reflects Plaintiffs' litigation judgments.

Finally, Plaintiffs wrongly contend that courts are "loath[] to grant a blanket stay of discovery … when there is no discovery presently pending before the court." Dkt. 28 at 8. This Court cited no pending discovery in granting a stay in *Moehrl*, No. 1:19-cv-1610, Dkt. 154, nor did the courts in *Tecfidera*, No. 24-cv-7387, Dkt. 46; or *Nexstar*, 2011 WL 4345432. And a wait-and-see approach makes no sense because Plaintiffs themselves have already said the scope of their planned discovery will be "significant" in myriad ways. *Supra* p. 3. The notion that a stay is unripe because Plaintiffs have yet to serve formal discovery asks the Court to ignore these prior representations that prompted the Court to request this very briefing. Plaintiffs' statements regarding the scope of discovery also make this case unlike the "purely hypothetical" discussion of burden in *Witz v. Great Lakes Educational Loan Services, Inc.*, 2020 WL 8254382, at *2 (N.D. Ill. July 30, 2020), and *Abbott*, where the parties "ha[d] not even discussed … discovery," 2013 WL 690613, at *3. There is no serious dispute about the burden of discovery here.

## II.    PLAINTIFFS CONCEDE A STAY MAY SIMPLIFY THE ISSUES

Plaintiffs do not deny that the Motion, if granted, would obviate the need for discovery altogether or at least substantially narrow the case. Indeed, as Defendants explained and

Plaintiffs ignore, because this case involves a broad array of claims on behalf of several distinct nationwide and state classes and subclasses, the Motion, even if granted only in part, "may drastically reduce the scope of discovery." Dkt. 27 at 7.

As Plaintiffs themselves concede, moreover, the Motion raises "threshold issues" courts frequently recognize as warranting stays of discovery. Dkt. 28 at 9–10; *see Syngenta Seeds, Inc. v. BTA Branded, Inc.*, 2007 WL 3256848, at *1 (N.D. Ill. Nov. 1, 2007). Plaintiffs argue that these threshold grounds "are highly contingent and only touch a subset of claims." Dkt. 28 at 10. But that argument fails twice over. First, a given threshold ground need not be dispositive of the entire case by itself. The lone case Plaintiffs cite for that proposition—*Syngenta*—noted only that the defendants there had not raised "such a threshold matter as standing." 2007 WL 3256848, at *2. Defendants have raised such issues here. And second, even beyond their jurisdictional and immunity arguments, Defendants' Motion challenges the "entire" Complaint as "legally defective," seeking dismissal of the case with prejudice. *Calderon*, 2022 WL 20742696, at *2.

While courts generally avoid "prejudging the parties' arguments regarding dismissal," they can and do consider in deciding a stay request whether a defendant's "arguments may be dispositive, rendering discovery unnecessary or at least narrowing its scope." *Calderon*, 2022 WL 20742696, at *2; *see also, e.g.*, *Mac Naughton v. Asher Ventures, LLC*, 2018 WL 11361070, at *2 (N.D. Ill. Feb. 27, 2018) (granting stay because "the outcome of the dispositive motions is significant to the instant case"); *In re Clearview AI, Inc. Consumer Priv. Litig.*, 2021 WL 5862495, at *1 (staying discovery that "would be unnecessary"). By any measure, the Motion raises arguments that may be dispositive of the whole case or, at a minimum, of categories of claims and Plaintiffs. The potential to simplify the case thus strongly favors a stay here.

6

**III.    PLAINTIFFS FAIL TO IDENTIFY ANY UNDUE PREJUDICE**

A stay will not prejudice Plaintiffs. Plaintiffs' contrary arguments—which they do not support with a single case citation—are unavailing. To start, Plaintiffs argue that a stay would "postpone any meaningful forward-looking relief." Dkt. 28 at 10. That is just another way of describing "[t]he general prejudice of having to wait for [a] resolution." *Medline Indus., Inc. v. C.R. Bard, Inc.*, 2019 WL 10948865, at \*2 (N.D. Ill. Sept. 10, 2019). But as courts in this District have held, delay by itself "does not constitute undue prejudice." *Garrick v. Moody Bible Inst.*, 2021 WL 5163287, at \*3 (N.D. Ill. Nov. 5, 2021); *see, e.g.*, *Rao v. JPMorgan Chase Bank, N.A.*, 2021 WL 4927415, at \*1 (N.D. Ill. May 12, 2021) ("[M]ere delay … amounts to little, if any, prejudice.").

Plaintiffs raise concerns about delays in identifying potential witnesses and understanding "what systems exist, who controls them, how long particular operational data are ordinarily retained, or which custodians were involved in the incidents alleged in the Complaint." Dkt. 28 at 11. These concerns exist in every complex case, however, and do not establish prejudice. As Plaintiffs admit, there is no reason in this case to doubt Defendants' compliance with their preservation obligations. *Id*. at 10. Plaintiffs should thus be able to identify potentially relevant information and individuals based on properly preserved records if discovery later proceeds. *Id.* at 11. Indeed, Plaintiffs "identify no specific witness who is likely to become unavailable if a stay is entered." *Baggett v. City of Chicago*, 2022 WL 22972884, \*3 (N.D. Ill. Feb. 23, 2022). The fact that witnesses may "change roles, retire, or otherwise leave Defendants' employment," Dkt. 28 at 11, is a truism. It does not qualify as grounds for discovery to preserve evidence.

In short, Plaintiffs identify no prejudice beyond delay. And that alone is not undue prejudice. *Garrick*, 2021 WL 5163287, at \*3; *Rao*, 2021 WL 4927415, at \*1.

**IV.    PLAINTIFFS' FALLBACK COMPROMISE IS STILL UNDULY BURDENSOME**

As a fallback position, Plaintiffs offer "narrowly phased discovery" that would require the parties to "exchange Rule 26(a)(1) disclosures and limited discovery requests, including interrogatories designed to identify key witnesses, custodians, and data sources, and production requests for records connected with the named Plaintiffs." Dkt. 28 at 12. But this supposed "compromise" imposes no meaningful limitations and instead relies on Plaintiffs to voluntarily "defer requests that would demand a substantial expenditure of time or resources." *Id*. That is no different from the parties agreeing to stage discovery in the absence of a stay. And discovery as to the named Plaintiffs—which Plaintiffs' "compromise" expressly includes—would still sweep in claims involving third party payors and personal health data, imposing significant burdens and requiring discovery as to certain claims or parties that will likely not survive dismissal. To take only one example, the specific Plaintiffs' claims involving TRICARE challenge conduct dictated by statute, regulation, and federal contract and are therefore plainly foreclosed by federal instrumentality immunity. *See* Dkt. 22 at 24–27. There is no conceivable basis for discovery on those Plaintiffs' claims to proceed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery should be granted.

8

Dated: April 13, 2026

Respectfully submitted,

*/s/ Jennifer Milici*
Jennifer Milici (D.C. Bar No. 987096)
Kevin Lamb (D.C. Bar No. 1030783)
Susan A. Musser (D.C. Bar No. 1531486)
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000 (p)
(202) 663-6363 (f)
Jennifer.Milici@wilmerhale.com
Kevin.Lamb@wilmerhale.com
Susan.Musser@wilmerhale.com

*Counsel for Defendants*